UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IVORY LANE SIMON** | : | **DOCKET NO. 15-cv-1800** |
| DOC # 505008 | | SECTION P |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JAMES M. LeBLANC ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 28] with a request for costs filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendants James M. LeBlanc, Keith Cooley, and Mark Estes (collectively, "defendants") in response to the *pro se* civil rights complaint [doc. 4] brought by plaintiff Ivory Lane Simon ("Simon"). Simon is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("Department") and is proceeding *in forma pauperis* in this matter.

For the following reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 28] be **GRANTED** and that all claims with respect to LeBlanc, Cooley, and Estes be **DISMISSED WITH PREJUDICE**. It is also **RECOMMENDED** that the request for costs be **DENIED**. Finally, it is **RECOMMENDED** that all claims be **DISMISSED WITHOUT PREJUDICE** as to the placeholder defendants and that the case be closed.

# I.
## BACKGROUND

Simon was formerly incarcerated at Allen Correctional Center ("ACC") in Kinder, Louisiana. He filed a civil rights complaint on February 5, 2010, complaining of the medical care he had received at ACC. *Simon v. LeBlanc*, No. 2:10-cv-201, doc. 1 (W.D. La. Jul. 7, 2016). While this suit was pending he was transferred from ACC to a local correctional facility on or about May 2, 2011. *E.g.*, doc. 28, att. 3, p. 1. The first defendant in the 2010 suit, former ACC warden Terry Terrell, was served in February 2012. *Simon*, No. 2:10-cv-201, doc. 9. This court granted the defendants' motion for summary judgment in the 2010 suit on July 7, 2016. *Id.* at docs. 70 and 71.

Simon now brings a new suit, alleging that the transfer from ACC to a local correctional facility was an act of retaliation for his 2010 lawsuit.[1] Doc. 4, p. 3. He states that he has made repeated requests to be transferred back to ACC, but that these have also been denied in retaliation for his previous lawsuit. *Id.* As defendants he names ACC Warden Keith Cooley, ACC Assistant Warden Mark Estes, and Department Secretary James M. LeBlanc. *Id.* Cooley, Estes, and LeBlanc now move for summary judgment, asserting that Simon's transfer and the subsequent denial of his requests for return to ACC were not retaliatory and that they were instead based on legitimate penological interests. Doc. 28. Simon opposes the motion. Doc. 30.

---

[1] In the 2010 complaint, Simon stated that he had filed other lawsuits while incarcerated and listed a state court case based on the same alleged constitutional violations, where the Louisiana Supreme Court ultimately denied a writ of review in October 2009. *Simon*, No. 2:10-cv-201, doc. 1, pp. 1–2; *see* doc. 1, att. 2 (state court and administrative rulings). He also stated that he had completed an administrative remedy procedure on based on the same facts on which he brought the 2010 complaint. *Id.* at doc. 1, pp. 2–3. His documentation shows that the Department issued its response to the final step of the administrative remedy procedure in October 2008. *Id.* at doc. 1, att. 2, p. 49.

Simon now claims retaliation based on "lawsuits" filed while at ACC, but only provides documentation of the above proceedings. *See* doc. 4, p. 3. Thus we assume that the above encompasses all of the actions for which Simon is claiming retaliation.

## II.
## LAW & ANALYSIS

### A. Motion for Summary Judgment

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

Once the movant makes this showing, the burden then shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986). The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law. *Celotex Corp.*, 106 S.Ct. at 2553. There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 106 S.Ct. at 2511.

Simon brings this suit under 42 U.S.C. § 1983. Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his

constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

In order to state a claim for retaliation under § 1983, a plaintiff must allege facts demonstrating (1) a specific constitutional right, (2) the defendant's intent to retaliate against the plaintiff for exercise of that right, (3) that a retaliatory adverse act occurred, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Retaliation claims "[place] a significant burden on the inmate," who must show that but for the retaliatory motive the complained-of action would not have occurred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Thus, in order to survive a motion for summary judgment in a retaliation claim, a plaintiff "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Id.* (internal quotations and citations omitted).

Here it is accepted that Simon's attempt to obtain redress in his 2010 complaint was the exercise of a constitutional right. The defendants assert that Simon cannot show an intent to retaliate, as his transfer and the denial of his requests to return to ACC were not decided in retribution for his lawsuit. Instead, Cooley and Estes maintain, these actions were part of a statewide policy to move inmates from regional facilities like ACC to local facilities in order to populate the latter.[2] Doc. 28, att. 3, p. 1; doc. 28, att. 4, p. 1. They state that, "[a]bsent extraordinary circumstances, once an inmate has been transferred away from ACC, subsequent requests to transfer back . . . are denied." Doc. 28, att. 3, p. 1; doc. 28, att. 4, p. 2. Finally, they claim that to

---

[2] LeBlanc states that he has no personal knowledge of Simon, had no awareness of his transfer, and had no involvement in the decision to transfer him. Doc. 28, att. 5.

the extent Simon's filing of previous lawsuits had any impact on the decision to transfer him, "it was hoped that Mr. Simon would be happier at a different correctional facility." Doc. 28, att. 3, p. 1; doc. 28, att. 4, p. 1.

Simon offers nothing to counter the reasons offered by defendants, who have advanced legitimate penological grounds for his transfer. He also fails to establish a chronology that would lead to an inference of retaliation. Prison officials were aware of his attempts to obtain legal redress as far back as 2008, yet the transfer occurred between the resolution of his state court suit and service of his federal complaint. Accordingly, Simon has failed to show both intent and causation in his retaliation claim and the defendants are entitled to judgment as a matter of law.

### B. Request for Costs

The defendants also request that the Simon be assessed costs incurred from his claims. Under the Federal Rules of Civil Procedure, costs (not including attorney's fees) in a judgment should be awarded to the prevailing party unless barred by some other statute. FED. R. CIV. P. 54(d)(1). For plaintiffs proceeding *in forma pauperis*, "judgment may be rendered for costs . . . as in other cases" at the court's discretion, subject to the limitation that only the plaintiff and not the government will not be liable for any of the costs incurred. 28 U.S.C. § 1915(f); *see also Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). An award of costs is not limited to findings of frivolity. *E.g.*, *Lay v. Anderson*, 837 F.2d 231, 232 (5th Cir. 1988). However, we recognize its punitive effect and decline to exercise it here without a greater showing of bad faith or abuse of process. It is therefore recommended that the request for costs be denied.

### C. *Placeholder Defendants*

Simon has named placeholder defendants Jane Doe, John Doe, and XYZ Insurance Company in this matter, though he fails to allege any particular claims against them. To date, he has not effected service against any of these defendants. This court issued a notice on March 2, 2017, informing Simon that these defendants were subject to dismissal and granting him fourteen days to move for an extension to effect service. Doc. 31. Simon was warned at that time that any such motion must be supported by good cause. *Id.*

Simon moved for an extension on March 14, alleging that he had had "limited time in the law library to do any research." Doc. 32. We denied the motion, finding this to be inadequate in light of the nearly two years that the case has been pending. Doc. 33. Accordingly, it is also recommended that defendants Jane Doe, John Doe, and XYZ Insurance Co. be dismissed without prejudice for failure to prosecute under Local Rule 41.3.

### III.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 28] be **GRANTED** and that the claims against Cooley, Estes, and LeBlanc be **DISMISSED WITH PREJUDICE**. It is also recommended that the request for costs be **DENIED**. Finally, it is recommended that the claims against Jane Doe, John Doe, and XYZ Insurance Co. be **DISMISSED WITHOUT PREJUDICE** and that the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 21st day of March, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE